**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Additional counsel on signature page.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT WIEDERHOLD; AND, JASON HUHN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>v.<br><br>**CONSOLIDATED TRAVEL HOLDINGS, INC.; CONSOLIDATED WORLD TRAVEL INC. dba HOLIDAY CRUISE LINE; FLORIDA BAHAMIAN SHAREHOLDER, LLC; CRUISE OPERATOR INC. dba BAHAMAS PARADISE CRUISE LINE; BAHAMAS PARADISE CRUISE LINE, LLC; and JAMES H. VERRILLO,**<br><br>Defendants. | **Case No.:** CV15-828 TJH (MANx)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED**<br><br>**HON. TERRY J. HATTER, JR.** |

///

///

*(Left margin, vertical text:)* KAZEROUNI LAW GROUP, APC 245 FISCHER AVENUE, UNIT D1 COSTA MESA, CA 92626

**INTRODUCTION**

1.     SCOTT WIEDERHOLD and JASON HUHN ("Plaintiffs") bring this First Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CONSOLIDATED TRAVEL HOLDINGS, INC; CONSOLIDATED WORLD TRAVEL INC. dba HOLIDAY CRUISE LINE; CRUISE OPERATOR INC.; dba BAHAMAS PARADISE CRUISE LINE; BAHAMAS PARADISE CRUISE LINE, LLC; and JAMES H. VERRILLO ("Defendants"), in negligently or intentionally contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.     The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.   The TCPA also prohibits initiating two or more "telephone solicitations" in a 12-month period to phone numbers registered on the national "Do-Not-Call" registry. 47 CFR § 64.1200(c)(2).

6.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

7.   This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

8.     This Court has personal jurisdiction over Defendants because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff Wiederhold resides in the County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10.     Plaintiff Wiederhold is, and at all times mentioned herein was, a citizen and resident of the County of San Luis Obispo, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 277(a)(2)(A).

11.     Plaintiff Huhn is, and at all times mentioned herein was, a citizen and resident of the County of San Luis Obispo, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 277(a)(2)(A).

12.     Defendant Consolidated Travel Holdings Group, Inc. ("CTH") is a holding company and a Florida corporation with its principal place of business at 2419 E Commercial Boulevard Suite 100, Fort Lauderdale, Florida 33308.

13.     Defendant Consolidated World Travel, Inc. dba Holiday Cruise Line ("CWT") is a Florida corporation with its principal place of business at 2121 W. Oakland Park Boulevard Suite 1, Fort Lauderdale, Florida 33311.

14.     Defendant CTH is the parent company of Defendant CWT.

15.     Defendant Florida Bahamian Shareholder, LLC ("FBC") is a Florida limited liability company with its principal place of business at 2419 E. Commercial Boulevard, Suite 302, Fort Lauderdale, Florida 33308.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

FIRST AMENDED CLASS ACTION COMPLAINT                    PAGE 3 OF 20

16.     Defendant Cruise Operator, Inc. dba Bahamas Paradise Cruise Line ("Cruise Operator, Inc.") is a Bahamas corporation registered in Florida with its principal place of business at 1 East 11th Street Suite 200, Riviera Beach, Florida 33404.

17.     Defendant FBC is the parent company of Defendant Cruise Operator, Inc.

18.     Defendant Bahamas Paradise Cruise Line, LLC ("BPCL, LLC") is a Florida corporation with its principal place of business at 1 East 11th Street Suite 200, Riviera Beach, Florida 33404.

19.     Defendant James H. Verrillo ("Verrillo") is a natural person and a resident of the State of Florida.

20.     Upon information and belief, Defendant Verrillo, individually and/or through his holding company, Defendant CTH, owns, directs, and/or relevantly controls the marketing and other activities of Defendants CWT, FBC, Cruise Operator Inc., and BPCL, LLC.

### PLAINTIFF WIEDERHOLD FACTUAL ALLEGATIONS

21.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, County of San Luis Obispo, and within this judicial district.

22.     At no time did Plaintiff ever enter into a business relationship with Defendant.

23.     Beginning in or about December 2014, Plaintiff began receiving text messages from Defendant on Plaintiff's cellular telephone.

24.     Specifically, Plaintiff received the following text message from Defendant on Plaintiff's cellular telephone number ending in 8477 on February 5, 2015:

You have prizes to claim.  Call (813)515/1836

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

25.     Plaintiff was immediately curious of the text message because the sender was unknown to Plaintiff.

26.     As such, Plaintiff dialed the telephone number identified in Defendant's text message and was connected to Defendant's representative who tried to convince Plaintiff that Plaintiff won a prize from Defendant.

27.     Upon Plaintiff's inquiry as to the identity of Defendant, Defendant offered to send Plaintiff an e-mail proving Defendant's identity.

28.     Shortly thereafter, Plaintiff received an e-mail from Register@HolidayCL.com at 12:42 p.m. on February 5, 2015 from Defendant. Said e-mail described the services offered by Defendant and continued to solicit Plaintiff's business.

29.     To date, Plaintiff has received approximately fifteen text messages and/or autodialed telephone calls on Plaintiff's cellular telephone from Defendant.

**PLAINTIFF HUHN FACTUAL ALLEGATIONS**

30.     On or about March 11, 2015, Plaintiff Huhn received the following text message from Defendants to his cellular telephone number ending 1295:

C all[sic] 305-602-0983 to receive your F.ree[sic] Cru ise[sic]

31.     On or about April 23, 2015, Plaintiff received the following text message from Defendants to his cellular telephone number ending 1295:

You have earned a trip to the Bahamas Contact by phone (772).934-4541.

///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

32.     When the numbers in the two text messages sent to Plaintiff Huhn – 305-602-0983 and 772-934-4541 – are called, the caller is connected with a company identifying itself as "Travel Services." As explained below, "Travel Services" is Defendant CTH.

33.     Plaintiff's cellular telephone number ending 1295 has been on the "Do-Not-Call" Registry since August 4, 2009.

34.     Defendant CWT dba Holiday Cruise Lines, acting in conjunction with, as an agent of, and/or wholly owned company of Defendants CTH, Cruise Operator Inc., BPCL, LLC, and Verrillo, sent these text messages to Plaintiff's cellular phone.

35.     At no point did Plaintiff consent to receiving such text messages.

36.     At no point, before or after receiving the text messages, did Plaintiff enter into a business relationship with Defendants.

### GENERAL FACTUAL ALLEGATIONS

37.     For all of these text messages, Defendants used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to the artificial or prerecorded message to Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).

38.     This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

39.     These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) and 47 CFR § 64.1200(f)(14).

40.     Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41.     Defendants' calls were placed to telephone numbers assigned to cellular telephone services pursuant to 47 U.S.C. § 227(b)(1).

42.     Plaintiffs have never been in an "established business relationship" with Defendants as defined by 47 U.S.C.  227(a)(2), nor have Plaintiffs ever sought Defendants' services at any point in the past.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

43.     Defendants lacked "prior express consent" to contact Plaintiffs on Plaintiffs' cellular telephone as described herein.

44.     Defendants lacked "prior express written" consent to contact Plaintiffs on their cellular telephones with telephone solicitations.

45.     Accordingly, these telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

### RELATIONSHIP AMONG DEFENDANTS

46.     Defendant CWT sends automated text messages to individuals advertising a "free cruise" and providing a phone number that an individual must call to redeem this cruise.

47.     When the numbers in the two text messages sent to Plaintiff Huhn – 305-602-0983 and 772-934-4541 – are called, the caller is connected with a company identifying itself as "Travel Services."

   a. Defendant CTH also identifies itself as "Travel Services." Defendant CTH is the sponsor for the Consolidated Travel Holdings Group, Inc. Employee Stock Ownership Plan. The "sponsor's telephone number" is 954-630-9449.

   b. When that phone number is called, a prerecorded voice answers and states: "Thank you for calling Travel Services."

   c. Finally, when you reach an operator at that number and ask to be connected to "Consolidated World Travel," the operator indicates that you have reached Consolidated World Travel.

48.     The "Travel Services" operator explains that he or she sees the caller is calling about a free cruise, and then "transfers" the caller to "Holiday Cruise Line."

49.     "Holiday Cruise Line" then offers the caller a "free vacation" to the Bahamas aboard the "Grand Celebration," departing out of Palm Beach, Florida.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

a. Upon information and belief, both "Travel Services" and "Holiday Cruise Line" are the same entity.

b. Holiday Cruise Line is the registered fictitious name of Defendant CWT.

50. Holiday Cruise Line owns and operates at least two websites: holidaycl.com and holiday-cruiseline.com.

a. Holidaycl.com is registered to Defendant CWT.

b. The logo on HolidayCL.com is:



c. HolidayCL.com advertises a cruise aboard the Grand Celebration, departing from the Port of Palm Beach in South Florida.

d. Site holiday-cruiseline.com also advertises a cruise to the Bahamas aboard the Grand Celebration, departing from the Port of Palm Beach. The logo on holiday-cruiseline.com is nearly identical to that on holidaycl.com:



e. These similarities (name, logo, purpose) indicate that these are the same company.

f. holiday-cruiseline.com is registered to Defendant Verrillo, on behalf of the organization "Holiday Cruise Line," doing business out of 2419 E Commercial Blvd Suite 100, Fort Lauderdale, FL 33308.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

g. Defendant Verrillo has also registered the website discountedcruise.info. While this site is inactive, it is registered to "James Verillo" on behalf of Holiday Cruise Line, doing business out of 2419 E Commercial Boulevard Suite 100, Fort Lauderdale, Florida 33308.

51. Defendant CTH, a holding company owned by Defendant Verrillo and Daniel Lambert, also lists its address with the Florida Department of State as 2419 E Commercial Blvd Suite 100, Fort Lauderdale, Florida 33308 – the same address registered to several "Holiday Cruise Line" related websites.

a. 2419 E Commercial Blvd is owned by Paramount Building Group LLC, which in turn is owned by Defendant Verrillo as well as Daniel Lambert and Gerald Greenspoon.

b. Defendant FBC, parent company of Defendant Cruise Operator Inc, also operates out of the 2419 E Commercial Blvd address.

52. The "Grand Celebration" – the cruise ship advertised by Defendant CWT – is owned by Bahamas Paradise Cruise Line (though it is unclear at this stage whether the ship is actually owned by Defendant Cruise Operator Inc. dba Bahamas Paradise Cruise Line or Defendant BPCL, LLC).

a. Defendant Verrillo, along with Daniel Lambert, Charles Kinnear, and Edward Levitan, owns Defendant Cruise Operator Inc. dba Bahamas Paradise Cruise Line.

b. Defendant BPCL, LLC, fka Grand Holiday Cruise Line, is owned by Charles Kinnear and Edward Levitan.

c. A March 5, 2015 Press Release by the Bahamian Government[1] identified Defendant Verrillo as "Director of Marketing Partnership" for Bahamas Paradise Cruise Line.

---

[1] http://goo.gl/zx2FjO (shortened link)

d.  Charles Kinnear and Edward Levitan also own Defendant FBC, the parent company of Cruise Operator Inc.

53.  Jennifer Poole, the former president of Defendant CWT (at least until Defendant CWT's March 18, 2014 annual filing), is identified in at least one source[2] as a Marketing Executive for National Travel Service, Inc, a company owned by Defendant Verrillo and Defendant CTH.

54.  All corporate entities also share the same registered agent: Greenspoon Marder – the law firm of Gerald Greenspoon, co-owner of Paramount Building Group LLC, which owns the 2419 E Commercial Blvd address.

55.  To summarize:

**SAME COMPANIES**

- Defendant CTH's phone number is 954-630-9449.
- Calling that number leads the caller to an automated voice thanking the caller for calling Travel Services – the same company that is initially reached when calling the numbers in the text messages at issue here.
- When the caller connects to an operator and asks to be connected with Consolidated World Travel, the operator indicates the caller has reached Consolidated World Travel.

**SAME WEBSITES**

- Defendant CWT dba as Holiday Cruise Line sends text messages in violation of the TCPA promoting cruises to the Bahamas aboard the "Grand Celebration."
- Defendant CWT owns holidaycl.com which also advertises a cruise to the Bahamas aboard the "Grand Celebration."

///

---

[2]  http://national-travel-service-inc.fort-lauderdale.fl.amfibi.company/us/c/5393819-national-travel-service-inc

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- Defendant Verrillo has registered at least two domain names on behalf of Holiday Cruise Line: discountedcruise.info and holiday-cruiseline.com.
- Holiday-cruiseline.com advertises a cruise to the Bahamas aboard the "Grand Celebration."

**SAME OWNERS/AGENT**

- The Grand Celebration is owned by either Defendant Cruise Operator Inc. or Defendant BPCL, LLC.
- Defendant Verrillo is an owner of Defendant Cruise Operator Inc. and the "Director of Marketing Partnership" for Defendant BPCL, LLC.
- Jennifer Poole, former President of Defendant CWT (through at least March 18, 2014), is or was Marketing Executive for National Travel Service, Inc, which is owned by Defendant Verrillo and Defendant CTH.
- Defendant corporations all share the same registered agent.

**SAME ADDRESSES**

- Discountedcruise.info and Holiday-cruiseline.com are registered to address 2419 E Commercial Blvd Suite 100, Fort Lauderdale, Florida 33308.
- Defendant CTH also operates out of 2419 E Commercial Blvd Suite 100, Fort Lauderdale, Florida 33308.
- Defendant Verrillo is owner of Defendant CTH.
- Defendant FBC also operates out of 2419 E Commercial Blvd.
- Defendant Verrillo, through his company Paramount Building Group LLC, owns 2419 E Commercial Blvd, Fort Lauderdale, Florida 33308.

56.    For the Court's convenience, these relationships are diagrammed in **Exhibit A**.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

57.     Based on the above, upon information and belief, Defendant Verrillo, individually and through his holding company, Defendant CTH, directs, encourages, or otherwise exercises control and discretion over Defendant CWT in Defendant CWT's dissemination of automated text messages in violation of the TCPA, in conjunction with, and in order to benefit, Defendant Verrillo's other business ventures, Defendant FBC, Defendant Cruise Operator Inc. and Defendant BPCL, LLC.

58.     Defendant CWT is wholly owned by Defendant CTH.

59.     Upon information and belief, while Defendant CTH and Defendant CWT outwardly attempt to appear as two different entities, their relevant operations are indistinguishable.

60.     The Canadian Radio-television and Telecommunications Commission (CRTC) apparently reached the same conclusions, and on March 11, 2015, fined Defendant CTH $200,000 for "initiating telemarketing telecommunication via an Automatic Dialing-Announcing Device (ADAD) without obtaining express consent from the consumers."[3] These calls advertised free cruises.

## CLASS ACTION ALLEGATIONS

61.     Plaintiffs brings this action on behalf of themselves and on behalf of classes of similarly situated persons ("the Classes").

62.     Plaintiff Wiederhold and Plaintiff Huhn represent, and are members of the class consisting of all persons within the United States to whose cellular telephone Defendants or their agent/s and/or employee/s sent a text message through the use of any automatic telephone dialing system or with an artificial or prerecorded message, which text message was not sent for emergency purposes within the four years prior to the filing of this Complaint. ("ATDS Class").

[3] http://www.crtc.gc.ca/eng/archive/2015/vt150311.htm

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

63.     Plaintiff Huhn represents, and is a member of, the class consisting of all persons within the United States to whom two or more telephone solicitations were made in a 12-month period by Defendants or their agent/s and/or employee/s, and whose telephone numbers at which these telephone solicitations were sent were registered on the national "Do-Not-Call" registry at the time the messages were sent. ("DNC Class") (collectively, both classes are referred to as "Classes.")

64.     Defendants and its employees or agents are excluded from the Classes.  Plaintiffs do not know the number of members in the Classes, but believe it numbers in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

65.     Plaintiffs and members of the Classes were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiffs and members of the Classes via their cellular telephones by using an ATDS, thereby causing Plaintiffs and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and Class members previously paid, invading the privacy of said Plaintiffs and Class members, and using data and device storage on Plaintiffs' and Class members' devices.  Plaintiffs and the Class members were damaged thereby.

66.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the definitions of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

67.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

68.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual Class members, including the following:

a)      Whether, within the four years prior to the filing of this Complaint, Defendants or its agents initiated any telephonic communications to the ATDS Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b)      Whether Defendants' text messages constituted "telephone solicitations" or "telemarketing;

c)      Whether Defendants maintained written procedures to comply with the national "Do-Not-Call" rules;

d)      Whether Defendants trained its personnel and/or any entities assisting Defendants in procedures established pursuant to the "Do-Not-Call" rules;

e)      Whether Defendants have maintained and recorded a list of telephone numbers that they may not contact;

f)      Whether Defendants used any process to prevent telephone solicitations to numbers on the "Do-Not-Call" registry;

g)      Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

h)      Whether Defendant's conduct was knowing and/or willful;

i)      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

j)      Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

69.     Plaintiff Wiederhold and Plaintiff Huhn, as persons that received at least one telephonic communication from Defendants' ATDS without their prior express consent, Plaintiffs are asserting claims that are typical of the ATDS Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

70.     Plaintiff Huhn, as a person whose telephone number was on the national "Do-Not-Call" registry and who received two or more telephone solicitations in a 12-month period, is asserting claims that are typical of the DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

71.     Plaintiffs and the members of the Classes have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

72.     Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

73.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with the law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

74.     Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

75.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

77.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and the ATDS Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

78.     Plaintiffs and the ATDS Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

79.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

81.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and the ATDS Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

82.    Plaintiffs and the ATDS Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C) ET SEQ.

83.    Plaintiff Huhn incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

85.    Violations of 47 U.S.C. § 227(c) are separate and distinct from, and the remedies cumulative with, violations of 47 U.S.C. § 227(b)

86.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and the DNC Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

87.    Plaintiffs and the DNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

///

---

**FOURTH CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227(C) ET SEQ.**

88.     Plaintiff Huhn incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

90.     Violations of 47 U.S.C. § 227(c) are separate and distinct from, and the remedies cumulative with, violations of 47 U.S.C. § 227(b)

91.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and the DNC Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

92.     Plaintiffs and the DNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and the Class Members pray for judgment as follows:

- Certifying the Classes as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiffs and the Class Members pray for further judgment as follows:

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each ATDS Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each ATDS Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(c) and the regulations promulgated at 47 CFR § 64.1200, Plaintiff Huhn seeks for himself and each DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///

**FIRST AMENDED CLASS ACTION COMPLAINT**                              PAGE 19 OF 20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### FOURTH CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' knowing and or willful violations of 47 U.S.C. § 227(c) and the regulations promulgated at 47 CFR § 64.1200, Plaintiff Huhn seeks for himself and each DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

93.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 12, 2015          Respectfully submitted,

                                 **KAZEROUNI LAW GROUP, APC**


                                 By: ___/s Matthew M. Loker____
                                     MATTHEW M. LOKER, ESQ.
                                     ATTORNEY FOR PLAINTIFF


**[ADDITIONAL COUNSEL FOR PLAINTIFFS]**

**LAW OFFICE OF TODD M FRIEDMAN PC**
Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
324 South Beverly Drive, Suite 725
Beverly Hills, CA 90212
Telephone:  (877) 206-4741
Facsimile:   (866) 633-0228

**GLAPION LAW FIRM**
Jeremy M. Glapion (*pro hac* pending)
jmg@glapionlaw.com
1704 Maxwell Drive, Suite 102
Wall, NJ 07719
Telephone: (732) 455-9737
Facsimile: (732) 709-5150